UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| STEVE TYSON, | : Case No. 3:23-cv-273 |
| Plaintiff, | : |
| vs. | : District Judge Walter H. Rice |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| ELIZABETH ELLIS, | : |
| Defendant. | : |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (Doc. #1). In his Motion, Plaintiff indicates that he is currently employed and has a monthly income of $1,200 plus $1,080 of social security income. *Id*. at 2. He further affirms that he has either cash on hand or money in savings, checking, or other accounts, but that the combined amount of these liquid assets is "unknown." *Id*. at 3. Additionally, Plaintiff states that he owns a truck worth $3,600 and a car worth $16,000. *Id*. As for his liabilities, he indicates that he has three creditors that he pays a total of $13,400 per month. *Id.*

In *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, the Supreme Court, set forth the legal standard applicable to a motion to proceed *in forma pauperis*. 335 U.S. 331 (1948). An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the Court's filing fee without depriving himself of the "necessities of life." *Id.* at 339 (internal quotation marks omitted). Although the plaintiff need not be totally destitute in order to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court

costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the Court's filing fee will render the plaintiff unable to provide for himself, the Court cannot grant his *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

In this case, Plaintiff has affirmatively indicated that he possesses either cash on hand or money in savings, checking, or other account, but has failed to indicate the amount of these liquid assets. Further, Plaintiff's application raises questions as to his financial condition as it is unclear on how he pays his creditors a monthly payment of $13,400 given that his total monthly income amounts to $2,280. As a result, the Court cannot ascertain the status of Plaintiff's financial condition, making it unclear whether paying the one-time filing fee of $402.00 would impose an undue hardship upon him.

Accordingly, Plaintiff is **ORDERED** to submit a supplemental affidavit in support of his Motion on or before **October 13, 2023** that clarifies the status of his financial condition, including the total amount in liquid assets he possesses along with the amounts of income he receives and liabilities he pays on a monthly basis. In the affidavit, Plaintiff must also explain why the one-time payment of the Court's filing fee will render Plaintiff unable to provide for himself. Plaintiff's affidavit must be accompanied by the following statement above his signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1).

**IT IS SO ORDERED.**

September 22, 2023

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge