## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| STEVE TYSON, | : | Case No. 3:23-cv-273 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| ELIZABETH ELLIS, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

On September 22, 2023, District Judge Walter H. Rice granted Plaintiff's request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Notation Order dated Sep. 22, 2023). As a result, Plaintiff's Complaint is now before the Court for a *sua sponte* review to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).  For the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** the Complaint.

### I.      Initial Screening Standard

Since Plaintiff is proceeding *in forma pauperis*, the Court is required to conduct an initial screen of his Complaint.  28 U.S.C. § 1915(e)(2).  The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

A complaint is frivolous when plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable *legal* basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable *factual* basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

A complaint must be dismissed where it fails to state a claim upon which relief may be granted. Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded

factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

## II.      Allegations in Plaintiff's Complaint

Plaintiff brings this action against a single defendant, Judge Elizabeth Ellis.  (Doc. #1, *PageID* #1; Doc. #1-2, *PageID* #7).  In his Complaint, the only factual allegations that Plaintiff provides against Judge Ellis are "favoritism, misleading[,] and plac[]ing a judgement in [his] case (and) didn't have jurisdiction." *Id*. at 8. For relief, Plaintiff requests $100,000 in damages and for Judge Ellis to be removed from office. *Id*. at 9. He also references a docket sheet that he attached to his Complaint, showing the docket information from a case filed in the Common Pleas Court for Montgomery County Ohio under the caption of "Steve Tyson v. Michael Mills," case number 2023-cv-00783. *Id*. at 10-22. Here, the Court takes judicial notice that the referenced case purports to be a breach of contract case that Plaintiff filed against his former lawyer, Michael Mills, and over which Judge Ellis currently presides.[2]  The docket also reflects that Plaintiff recently filed an affidavit of disqualification against Judge Ellis in the Supreme Court of Ohio. On September 1, 2023, the Supreme Court of Ohio denied Plaintiff's affidavit of disqualification and concluded that the case could proceed before Judge Ellis.

---

[2] *See* Docket accessed through Montgomery County Clerk of Courts Public Records Online v3, https://pro.mcohio.org/ (General Search by Case Number 2023-cv-00783) (Last accessed Oct. 10, 2023).

### III.    Discussion

Plaintiff's Complaint contains insufficient factual details to state any plausible claim against Judge Ellis. In addition to being vague and confusing, Plaintiff's statement regarding "favoritism, misleading[,] and plac[]ing a judg[]ment in [his] case (and) didn't have jurisdiction" constitutes the entirety of his allegations against Judge Ellis and is of "the-defendant-unlawfully-harmed-me" variety. *See Iqbal*, 556 U.S. at 678. Thus, by failing to cite any federal law that was violated and to articulate facts that would support a violation of such law, Plaintiff has failed to state a viable claim upon which relief may be granted.

Moreover, the only individual that Plaintiff has named as a Defendant is a state court judicial officer. The undersigned understands Plaintiff's Complaint and attached docket sheet as a direct challenge to the judicial decision that Judge Ellis made in the state court case over which she presides. As a result, Plaintiff's suit is barred by the doctrine of judicial immunity, which applies to the actions taken by Judge Ellis while functioning within her judicial capacity. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997).  Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *see also Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004); *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001). While Plaintiff vaguely alleges that Judge Ellis "didn't have jurisdiction[,]" he fails to allege sufficient facts demonstrating that Judge Ellis acted "in the complete absence of all jurisdiction." *Stern*, 262 F.3d at 607. Instead, Plaintiff merely makes an unsupported claim that Judge Ellis exhibited "favoritism," (Doc. #1-2, *PageID* #8), which, even if

4

true,[3] is unrelated to whether Judge Ellis had subject-matter jurisdiction over Plaintiff's state case. *See Stern*, 262 F.3d at 608-610 (noting that neither the fact that an Ohio judge had disqualified himself from hearing the case, nor the fact that one of the parties had filed an affidavit of disqualification in the Ohio Supreme Court was "relate[d] to whether [the judge] or his court had subject-matter jurisdiction over the … case."). Accordingly, Judge Ellis is absolutely immune from civil liability and all claims against her should be dismissed.

### IV.     Conclusion

As set forth above, 28 U.S.C. 1915(e)(2) permits *sua sponte* screening and dismissal of a civil action "at any time if the court determines that" the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief" from an immune defendant. *Id*. The undersigned concludes that *sua sponte* dismissal is appropriate because Plaintiff's Complaint fails to state a plausible claim and because the only named Defendant is absolutely immune from suit.

### IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2); and

2.      The case be terminated on the Court's docket.


___October 24, 2023___                                    *s/Peter B. Silvain, Jr.*_____
                                                           Peter B. Silvain, Jr.
                                                           United States Magistrate Judge

---

[3] On this point, the Court takes judicial notice that the Supreme Court of Ohio denied Plaintiff's affidavit of disqualification against Judge Ellis and concluded that she could continue to preside over the case. *See* Docket accessed through Montgomery County Clerk of Courts Public Records Online v3, https://pro.mcohio.org/ (General Search by Case Number 2023-cv-00783) (Last accessed Oct. 10, 2023).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).